Curia, per

O’Neall, J.
The various grounds of appeal present four material questions to be answered by this court.
1st. Was a demand for the money claimed to be recovered, necessary to be made before the suit could be maintained against the sheriff’s securities?
2d. Was the proof here, enough to charge the sheriff with the receipt of the money?
3d. Could the sheriff be sued, while older executions remained unsatisfied on the records ?
4th. Was the statement of Mr. North admissible in evidence?
Under these questions, some minor matters will be considered.
1st. In general, there is no doubt that an action for money had and received, will not lie against the sheriff, until there has been a demand and refusal, or some misapplication of the plaintiff’s money, or some assertion of an adverse right to it. Wright vs. Hamilton, 2 Bail. 51; Sims vs. Anderson, 1st Hill, 394. The same rule may, and perhaps does, apply to actions on the sheriff’s bond against himself and his securities. Formerly, no such question could have been entertained in an action against the securities alone; for they could not be sued until after there *315 was a return of nulla bona against their principal. This pre-requisite complied with, they were chargeable on proof of the plaintiff’s money being received by the sheriff. But since the Act of ’39, s. 4, p. 26, dispensing with the return of nulla bona, I presume the securities generally are not chargeable, until there is some evidence of demand, or some legal reason shown why one could not or need not be made. In this case, however, there can be no room for any such question; the sheriff is dead, and no demand could be made upon him. The administration of his estate necessarily commingled the plaintiff’s money in his hands, with the other assets of his estate, and hence, in that point of view, no demand was necessary. Proceedings in Chancery, in the case of Cebra and Camming vs. Waterman, executor of Easterling, and a fi fa returned nulla bona, abundantly show the insolvency of the sheriff, and hence the use of the plaintiff’s money by him ; and in such case, no demand is required.
2d. I entertain no doubt, that on the satisfaction of the elder executions being established, the proof was abundant to charge the sheriff with the sale of the two lots. The levy and sale appear from his return and books ; and hence, without looking further, he is chargeable with the proceeds of the sale, if applicable to the plaintiff’s claim. There is no doubt that a levy, until accounted for, is an implied satisfaction of an execution; and this proof would be enough to charge the sheriff. This point underwent a very full argument and review in the case of Mayson vs. Irby and Day, Dec. 1828, in the Court of Appeals in Equity, at Columbia, and received the unanimous sanction of the court.
3d. This makes it necessary to look to the question, whether the judgments antecedent to the plaintiff’s (Taylor) were satisfied. For although it is true that the sheriff may be exceedingly embarrassed in deciding to whom to pay money, when several executions standing unsatisfied in his office are alleged to be satisfied, yet when the fact of satisfaction is established by proof, in an action against him, the plaintiff in the first fi. fa. unsatisfied, would be entitled to recover. When such a state of facts *316 exists, he (the sheriff) may protect himself from suit, by submitting the question on rule to the court, and having an issue in fact made up between the creditors to decide the question of satisfaction. The judgments of White and Gordon were, by lapse of time, tobe presumed as paid, and if any thing was necessary in aid of such presumption, Vaux’s memorandum book, and the fact that no demand had been made upon his executor for payment, might be given in evidence. This is upon “the necessity of receiving less evidence as to a remote transaction.” Tunno’s judgment was one of those marked satisfied, in the clerk’s list, and when it had lain dormant for near 13 years, without any demand of payment, it might very well be presumed to have been satisfied immediately after recovery. The execution of Easterling was marked satisfied, in 1833, by Mr. North, as his attorney. An attorney may receive the money due on an execution, and hence may enter satisfaction. We are, therefore, bound to conclude that that execution was paid to Mr. North, and hence does not conflict with this claim. The judgment of Smith and Cutti-no alone remains. It had been obtained 10 years before the sale of the lots. No execution was entered in the sheriff’s office, and no claim of payment has ever been made from Mr. Vaux or his representative. This might justify the jury in concluding that it was paid. The testimony of Mr, Campbell verifies his account current, which shows that the balance of the plaintiff’s judgment, after applying the sales of the lots, was paid by him; and thus that the plaintiff’s, and all other judgments older than the decree in equity of Frazer vs. Vaux, were put out of the way, so as to enable Mr. Campbell to swear, as he does most positively, that Frazer’s was the oldest unsatisfied lien .on Vaux’s property, when he obtained for him the loan ’"from the Bank. The proof, when looked to in this way, shows, perhaps, clearly that the plaintiff’s, as the oldest unsatisfied lien, was entitled to the proceeds of the sales of the lots, and by applying them and the subsequent payments, the execution was satisfied. This is enough for the plaintiff.
4th. But it is necessary to inquire whether North’s *317 statement was admissible in evidence. We think it was "not. As the attorney of Easterling and the plaintiff in two separate cases at law, he had no right to make a statement in one case, which would bind the plaintiff in the other. If he had admitted, in Easterling’s case, the receipt of the money, that would have been, as has already been said, evidence of its satisfaction. So here, so much of the statement which speaks of a payment of $300 made by Campbell, maybe admissible as evidence of the payment of that sum to Mr. North ; adding that sum to the sale ol the house, leaves the balance of the plaintiff’s judgment, which was paid by Mr. Campbell. But so much of the statement as went to charge the sheriff with the sale of the house and lot, was clearly hear-say, and inadmissible. It does not come within the rule which admits the entries of third persons to be given in evidence, as settled in Gilchrist and King vs. Martin and West, 1 Bail. Eq. Rep. 492 ; and Cruger vs. Daniel et. al. 1st M'Mull. Eq. Rep. 191. But excluding that proof, the plaintiff had made out a sufficient case to charge the sheriff with the sales of the lots.
The motion for a new trial is dismissed.
Richardson, Evans, Butler, and Frost, JJ. concurred.